**Fredy Nohe MORALES, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 02–73937.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kirstin S. Dodge, Perkins Coie LLP, Bellevue, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, OIL, Thankful T. Vanderstar, Aterri J. Scadron, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Fredy Nohe Morales, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review legal determinations de novo and factual findings for substantial evidence. *Thomas v. Gonzales,* 409 F.3d 1177, 1182 (9th Cir.2005) (en banc). We grant the petition for review and remand.

Morales and his mother testified that, when Morales was a boy in Guatemala, three male members of his family were killed by guerrillas who identified his family as supporters of the military, and Morales and his relatives moved several times for security reasons prior to his departure for the United States at age 15. The IJ found their testimony credible. Thus, Morales showed that he was a member of a "particular social group in the context of establishing eligibility for asylum or withholding of removal." *Id.* at 1188–89 (holding that membership in a family can constitute a particular social group). The IJ's finding that Morales failed to show the requisite nexus is therefore not supported.

As required by *INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), we remand for the agency to determine whether Morales, as a member of this social group, has a well-founded fear of future persecution. *See Thomas,* 409 F.3d at 1189. Further, the IJ's conclusion, without any analysis, that "I do find that there have been significant development and changes in Guatemala since the 1980s," is insufficient. *See, e.g., Garrovillas v. INS,* 156 F.3d 1010, 1017 (9th Cir. 1998) ("Our cases hold that 'individualized analysis' of how changed conditions will affect the specific petitioner's situation is required.").

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW GRANT-ED; REMANDED.

Thomas O. Rice, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.